GLICKSMAN, Respondent, vs. EARLEY, imp., Appellant.

*November 11 — November 25, 1890.*

*Promissory notes: Notice of protest: Contents: Address: Service.*

1. A notice of the protest of a note is sufficient if it contains a true description of the note and states that it has been presented at maturity and dishonored, and that the holder looks to the indorser for payment.
2. It is not necessary that the notice itself should be addressed, if the envelope containing it is properly addressed to the indorser and he receives it through the mail.
3. Under sec. 176, R. S., depositing in the postoffice a copy of the notice, properly directed and with the postage paid, is a sufficient service on either a resident or a nonresident indorser.

APPEAL from the Circuit Court for *Chippewa* County. The case is stated in the opinion.

For the appellant there was a brief by *Jenkins & Jenkins*, and oral argument by *J. J. Jenkins* and *W. F. Bailey*.

They contended, *inter alia*, that notice was not received seasonably by the appellant so as to charge him as indorser. The note was dishonored Saturday, July 6th, but the appellant did not receive notice until Wednesday, July 10th. Both the sender of the notice and the appellant lived in the same city, and to charge the latter the notice must have been *received* by him not later than Monday, July 8th. 2 Daniel, Neg. Inst. (2d ed.), secs. 1003, 1038; Benj. Chalm. Dig. 186, art. 195; *John v. City Nat. Bank*, 57 Ala. 96; *Adams v. Wright*, 14 Wis. 408; *Jameson v. Swinton*, 2 Taunt. 224; *Cabot Bank v. Warner*, 10 Allen, 524; *Gladwell v. Turner*, 5 L. R. Exch. 61; *Hill v. Norvell*, 3 McLean, 583; *Nevins v. Lansingburg*, 10 Mich. 547; *Phelps v. Stocking*, 21 Neb. 443.

For the respondent there was a brief by *Rusk & Boland*, and oral argument by *L. J. Rusk*.

ORTON, J. This action is predicated upon the following promissory note, indorsement, protest, and notice thereof:

"$1,000.          Chippewa Falls, June 3, 1889.

"Thirty days after date I promise to pay to the order of *M. Glicksman* one thousand dollars at Lumbermen's Nat. Bank, value received, with interest at eight per cent. per annum. [Signed]          L. J. NEWALD."

Indorsement: "M. GLICKSMAN,
          "H. W. EARLEY."

Annexed thereto is the following certificate of protest:

"*State of Wisconsin, County of Chippewa, City of Chippewa Falls — ss.:* I, S. B. Nimmons, a notary public in and for the county of Chippewa, do hereby certify that on the 6th day of July, 1889, I presented the note hereto annexed to Lumbermen's Nat. Bank, in the city of Chippewa Falls, Wisconsin, and demanded payment thereof, which was refused; and I thereupon did protest the same for non-payment, and I made a notice of said protest, which is in

the words and figures as follows: 'Chippewa Falls, July 6th, 1889. Sir: Take notice that I have to-day protested for nonpayment a note made by L. J. Newald for the sum of $1,000, dated at Chippewa Falls, Wis., June 3d, 1889, payable at thirty days after date, given to *M. Glicksman*, drawing interest at the rate of eight per cent. per annum after date, and indorsed by *M. Glicksman, H. W. Earley;* and the same being dishonored, you are looked to for payment, damages, and costs. [Signed] S. B. NIMMONS, Notary Public, Chippewa County, Wis.' "

This notice was placed in an envelope, sealed up, and directed to *H. W. Earley*, at Chippewa Falls, with a two cent postage stamp thereon, and on said 6th day of July, 1889, the same was deposited in the postoffice at Chippewa Falls, the place of residence of the said *Earley*, and was thereafter received by him.

The jury rendered a verdict for the plaintiff for the amount of said note and interest, against the said *Earley* as such indorser, and judgment was entered thereon, from which the said defendant *Earley* has appealed to this court.

There are only three questions raised on this appeal: (1) Was the money borrowed or loaned on the indorsement? (2) Was the notice of protest sufficient? and (3) Was the notice duly served?

The first does not appear to be a material question in the case; but the testimony very clearly showed that the transaction was not consummated or the money actually advanced until the note so indorsed was delivered. The maker, Newald, arranged with payee *Glicksman* to borrow the $1,000 on the strength of the indorsement of the said *Earley*, or of one Gaynor, but they could not at the time be found. Newald, therefore, for the time being or provisionally, put up collaterals, and *Glicksman* placed in the hands of one Barnett his check for the $1,000 on said bank, to be delivered to Newald when the note was delivered

with such indorsement. The said *Earley* indorsed the note as above, and, on its delivery, Barnett delivered the check and the money was paid or credited thereon by the bank, and this completed the transaction. The money was therefore actually paid on the indorsement. The collaterals were surrendered on the delivery of the notes so indorsed. These appear to be the facts according to the evidence.

2. The objections to the sufficiency of the notice of protest made by the learned counsel of the appellant are that it does not contain the full statement required by the statute, and that it is not addressed to the said *Earley*. The statute (sec. 176, R. S.) only requires that the notice shall be of the protest, or contain the substance of the protest. The language is, "Shall give notice thereof in writing," etc. It is held in *Brewster v. Arnold*, 1 Wis. 264, that no particular form of words is required; but that the notice should expressly, or by just and natural implication, contain in substance (1) a true description of the note; (2) that it has been presented at maturity and dishonored; (3) that the holder looks to the indorser for payment. So, also, *Aiken v. Marine Bank*, 16 Wis. 679. This notice contains substantially all these requisites. The certificate of protest contains a copy of the notice, the manner of service, and all the necessary facts; and appears to be sufficient. It is true that the notice itself is not addressed to any one. The address is only necessary to apprise the indorser of the protest. If it come to him by proper service, he may know from its contents at once that he is the one intended, as he is the only one interested in it. The envelope containing the notice was properly addressed to him, and he received the same through the mail. This certainly cures the omission to address the notice itself. The address on the envelope answered every essential purpose.

3. The service of the notice by mail was sufficient. The above statute provides that the service shall be made "by delivering to each person entitled to such notice a copy

thereof, or by depositing such copy in the postoffice, postage paid, and directed to him at the postoffice at or nearest to his known or reputed place of residence." The deposit in the postoffice in this manner constitutes all the service necessary, and is equivalent to personal service. If this was done in proper time, it was sufficient; and it appears that it was so done. This statute is general in its terms, and embraces resident as well as nonresident indorsers. If the statute is complied with, then the service is complete, whatever the time may be when the indorser receives it from the mail. The holder has done all that the law requires to bind the indorser.

There appears to be no error in the case.

*By the Court.*— The judgment of the circuit court is affirmed.